**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jonathan K. TAGATAC, Defendant— Appellant.**

**No. 04–10434.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 2005.

Decided June 30, 2005.

Jimmy Chen, Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Arthur E. Ross, Esq., Honolulu, HI, for Defendant–Appellant.

Before: KOZINSKI, CALLAHAN, and BEA, Circuit Judges.

**MEMORANDUM** *

Jonathan Tagatac filed a timely notice of appeal from the district court's order authorizing his involuntary medication while in the custody of the Attorney General pending sentencing.

We dismiss this appeal as moot. Subsequent to the district court order here at issue, Tagatac was sentenced, and given supervised release. Although counsel represent that Tagatac has since been arrested and is being detained for violating a condition of his supervised release, this case does not fit within the "capable of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

repetition yet evading review" exception to mootness. *See Foster v. Carson,* 347 F.3d 742, 746 (9th Cir.2003) (limiting the exception to instances where the challenged action is too short in duration to be fully litigated before cessation or expiration and there is a reasonable expectation that the same party will be subjected to the same action again).

In *Washington v. Harper,* 494 U.S. 210, 227, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990), the Supreme Court held that the Due Process Clause permits treatment of a prison inmate who has a serious mental illness with antipsychotic drugs against his will, "if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *See also Riggins v. Nevada,* 504 U.S. 127, 135, 112 S.Ct. 1810, 118 L.Ed.2d 479 (1992) (requiring "a finding of overriding justification and a determination of medical appropriateness"). Should the government again seek Tagatac's involuntary medication, due process would require it to present new evidence to the district court that Tagatac was presently dangerous and that the particular medication was in his medical interest. Thus, were the district court in the future to authorize Tagatac's involuntary medication, such an order would be based on a new showing of authorities and facts, would not be based in any way on the prior order that is challenged here, and would be appealable.

The appeal is DISMISSED AS MOOT.